IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| VERNE R. YEARIAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| WARDEN LEE RYKER, LPN KAREN ) | Case No. 3:12-cv-323-JPG |
| KAISER, RN DARNOLD, DR. JAMES ) | |
| FENOGLIO, WEXFORD HEALTH CARE ) | |
| SERVICES, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, formerly incarcerated at the Lawrence Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that all defendants acted with deliberate indifference to his serious medical needs. Specifically, Plaintiff claims that in October 2010, while an inmate at Lawrence, Plaintiff was hospitalized with deep vein thrombosis (DVT). He experienced symptoms of DVT—intense chest pain, difficulty breathing, and a swollen leg—for approximately a week before his diagnosis. He complained to Defendants Kaiser, Darnold, and Fenoglio of his symptoms, but they ignored him. None of the Defendants recognized his ailment until it was an emergency. Plaintiff further claims that it was the policy of Defendant Wexford to require inmates "to go through channels" to be seen by a medical professional, despite the seriousness of their conditions.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action for deliberate indifference to his serious medical

needs in violation of the Eighth Amendment against Defendants Kaiser, Darnold, Fenoglio, and Wexford Health Sources, Inc. The claim against Defendant Ryker, however, is dismissed on initial review because the doctrine of *respondeat superior* is not applicable to a § 1983 action. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Plaintiff has not alleged that Defendant Ryker was "personally responsible for the deprivation of a constitutional right." *Id.* Plaintiff alleges only that Defendant Ryker "allowed his staff" to transfer Plaintiff from the hospital back to Lawrence without regard for his safety, which does not allege Ryker's personal involvement. Accordingly, Defendant Ryker is **DISMISSED** as a defendant.

## DISPOSITION

Defendant Ryker is **DISMISSED** from the action with prejudice. The Clerk of Court shall prepare for Defendants Kaiser, Darnold, Fenoglio, and Wexford Health Sources: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used

only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Frazier for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Frazier for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or

give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: September 14, 2012**

*J. Phil Gilbert*
J. PHIL GILBERT
United States District Judge